ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR -9 AM 11: 38

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRYL PERNELL BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 305-164 |
| | ) | |
| MARK L. FARRIS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 12, 2006, the Court recommended that the complaint in this action filed under Title 42, United States Code, Section 1983 be dismissed under the "three strike" rule in Title 28, United States Code, Section 1915(g). The Court vacated its recommendation on February 14, 2006, under the "imminent danger" exception to Section 1915(g). At that time, the Court ordered plaintiff to submit a Consent to Collection of Fees and Trust Fund Account Statement in order for this action to proceed.

Plaintiff has submitted his forms. Based on plaintiff's Trust Fund Account Statement, the Court finds that he is financially unable to submit a partial filing fee. Accordingly, this action is ready to be screened under Title 28, United States Code, Section 1915A. The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. §

1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the reasons that follow, the Court recommends that plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust his administrative remedies. The Court also recommends that plaintiff's motion for a temporary restraining order, Doc. 3, be **DENIED** as moot.

## I. BACKGROUND

Plaintiff alleges in his complaint that he had been exposed to environmental tobacco smoke ("ETS") due, in part, to being housed in a prison cell with an inmate who smokes, and that the ETS exposure caused him to have migraine headaches. Plaintiff submitted an informal grievance complaining of ETS on December 8, 2005. After that grievance was denied, he submitted a formal grievance, which was denied on January 5, 2006. Plaintiff appealed the denial of that grievance on January 19, 2006, and the appeal is still pending.[1]

## II. DISCUSSION

Title 42, United States Code, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such

---

[1] Plaintiff also filed a grievance regarding safety equipment. That grievance was denied on January 12, 2006, and an appeal of that denial is still pending.

administrative remedies as are available are exhausted." Section 1997e(c)(1) further provides that the Court shall dismiss any action brought under Section 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). Exhaustion of administrative remedies requires a prisoner to exhaust all administrative appeal rights after the denial of a grievance. Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Section 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement. Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues." Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741

3

n.6 (2001)).

Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with prison staff, the administrative remedies procedure commences with the filing of an informal grievance. The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. SOP IIB05-0001 § VI(B)(12)-(13). If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5).

In this case, plaintiff filed this action on December 12, 2005. He filed his formal grievance, stating the same allegations raised in his complaint, on December 19, 2005, a week later. Because exhaustion of administrative remedies is a *precondition* to a properly filed Section 1983 lawsuit, plaintiff has filed his complaint well before his claims are ripe for consideration by a federal court. Accordingly, plaintiff's claims are premature and should be dismissed.

4

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust his administrative remedies. Accordingly, his complaint should be **DISMISSED** without prejudice and this civil action should be **CLOSED**. Plaintiff's motion for a temporary restraining order, Doc. 3, should be **DENIED** as **MOOT**.

SO REPORTED AND RECOMMENDED this 9th day of March, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE