ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 APR 20 PM 4: 43

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DARRYL PERNELL BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 305-164 |
| ) | |
| MARK L. FARRIS et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, with the following comments.

The Magistrate Judge recommended that plaintiff's complaint be dismissed because he has not exhausted his administrative remedies. In his objections, plaintiff contends that he attempted to file informal grievances on October 3, 2005, and on October 20, 2005, raising complaints related to environmental tobacco smoke. Notwithstanding the re-created copies of those informal grievances submitted by plaintiff with his objections, plaintiff presents no evidence that either informal grievance was filed. Plaintiff's alleged October 3 informal grievance complains of his housing arrangements, which were subsequently resolved on November 16, 2005. See Doc. 8 at 2 (noting that plaintiff was moved to new

cell on November 16, 2005, in response to his complaints of exposure to cigarette smoke).

Despite plaintiff's status as a "three strike" frequent filer under Title 28, United States Code, Section 1915(g), the Magistrate Judge allowed plaintiff's claim to proceed under the "imminent danger" exception to Section 1915(g) based on plaintiff's allegation that his new cell mate smokes. Thus, to the extent plaintiff had a surviving claim in this action, it was that his current cell mate has smoked cigarettes since plaintiff was moved to the cell on November 16, 2005. Plaintiff's alleged October 3 and October 20 grievances accordingly do not address his current housing situation. Even if those informal grievances had been filed and did relate to the claims now before the Court, plaintiff apparently made no effort to pursue his claims in a formal grievance proceeding until December 19, 2005.[1]

In short, plaintiff has not given prison officials a fair opportunity to investigate and remedy his complaints. As the Magistrate Judge explained in the Report and Recommendation, plaintiff may not bring a lawsuit under Section 1983 in a federal court without first exhausting his administrative remedies. He also has not presented sufficient evidence of any prior informal grievance. Accordingly, his complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies. Plaintiff's motion for a temporary restraining order, Doc. 3, is **DENIED** as moot.

SO ORDERED this 20 day of April, 2006.

_____
JOHN F. NANGLE, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's December 19 grievance is still pending.